IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02392-REB-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN DOES 1-22,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on October 12, 2012.**

    John Doe 17's Motion to Quash Subpoena or Vacate Order to Comcast Corporation [filed October 11, 2012; docket #12] is **denied without prejudice** for several reasons.

    First, to the extent the present motion seeks to quash or modify a subpoena issued through any district other than the District of Colorado, this Court must deny such request without prejudice. Though Doe #17 does not provide a copy of the subpoena, she does provide a New Jersey address for Comcast. Based on the Court's experience in similar cases, the Court suspects the subpoena to which Doe #17 refers was issued from the U.S. District Court for the District of New Jersey. Pursuant to Rule 45(c)(3)(A), only "*the issuing court*" may quash or modify a subpoena (emphasis added). *See, e.g., In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) (only the issuing court has the power to act on its subpoenas); *In re Digital Equipment Corp.*, 949 F.2d 228, 231 (8th Cir. 1991) (court in district where underlying action was pending did not have jurisdiction to rule on objections to deposition subpoenas obtained in another district). "Subpoenas are process of the issuing court, and nothing in the rules even hints that any other court may be given the power to quash or enforce them." *In re Sealed Case*, 141 F.3d at 341 (citations omitted). Accordingly, the court where the action is pending lacks jurisdiction to rule on subpoenas issued from other courts, unless there is a transfer or remittance of the matter from the issuing court. *See In re Digital Equipment Corp.*, 949 F.2d at 231.

    Second, the pending motion fails to comply with Fed. R. Civ. P. 11(a), which states in pertinent part,

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented. The paper must state the signer's address, email address, and telephone number.

From the content of the present motion, the Court infers that Doe #17 seeks to proceed in this

litigation anonymously. However, she has failed to seek permission from the Court to do so. *See K-Beech, Inc. v. Does 1-29*, 826 F. Supp. 2d 903, 905 (W.D.N.C. 2011) (noting that a party who wishes to proceed anonymously may overcome the presumption against anonymous proceedings by filing a well-reasoned motion to proceed anonymously); *see also West Coast Prods., Inc. v. Does 1-5829*, 275 F.R.D. 9, 12 (D.D.C. 2011) ("federal courts generally allow parties to proceed anonymously only under certain special circumstances when anonymity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment"). In addition to the requirements of Fed. R. Civ. P. 11, the logistics of litigation necessitate that a movant disclose his contact information to the Court. *See* D.C. Colo. LCivR 10.1K. Therefore, if Doe #17 wishes to re-file her motion in accordance with this order and all applicable local and federal court rules, she must first (or contemporaneously) file a motion to proceed anonymously and provide to the Court her name, address, telephone number and email address in accordance with Rule 11(a) and D.C. Colo. LCivR 10.1K. If Doe #17 wishes to keep her identifying information confidential, she may file her Signature Block separately, and may request that the document be maintained under Restriction Level 2 pursuant to the procedure set forth in D.C. Colo. LCivR 7.2. The Court may strike any motion or other filing that deviates from the requirements of this order or from those set forth in the applicable local or federal rules.