IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02392-REB-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN DOES 1-22,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on November 6, 2012.**

    Before the Court is Defendant Doe #3's [renewed] Motion to Quash the Subpoena [filed November 2, 2012; docket #27].

    In response to this Court's order, Doe #3 renewed his motion to quash and attached a copy of the challenged subpoena.[1] Although Doe #3 asserts "[o]n September 17, 2012, Defendant's ISP, Comcast, was served with a subpoena issued from this Court and served in Denver, Colorado," the challenged subpoena actually appears to be issued from the U.S. District Court for the District of New Jersey and served on Comcast in New Jersey. *See* docket #27-3. Thus, to the extent the present motion seeks to quash or modify a subpoena issued through any district other than the District of Colorado, this Court must **deny** such request **without prejudice**.

    Pursuant to Rule 45(c)(3)(A), only "*the issuing court*" may quash or modify a subpoena (emphasis added). *See, e.g., In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) (only the issuing court has the power to act on its subpoenas); *In re Digital Equipment Corp.*, 949 F.2d 228, 231 (8th Cir. 1991) (court in district where underlying action was pending did not have jurisdiction to rule on objections to deposition subpoenas obtained in another district). "Subpoenas are process of the issuing court, and nothing in the rules even hints that any other court may be given the power to quash or enforce them." *In re Sealed Case*, 141 F.3d at 341 (citations omitted). Accordingly, the court where the action is pending lacks jurisdiction to rule on subpoenas issued from other courts, unless there is a transfer or remittance of the matter from the issuing court. *See In re Digital Equipment Corp.*, 949 F.2d at 231. Doe #3 provides no argument rebutting this well-settled law.

---

[1] Doe #3 provided a copy of only the first page of the subpoena; thus, the Court has no information indicating the date of the subpoena.