## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02392-REB-MEH

MALIBU MEDIA, LLC,

    Plaintiff,
v.

JOHN DOES 1-6, 8-9, 11-22,

    Defendants.
_____/

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO**
**DEFENDANT'S MOTION TO SEVER AND DISMISS [CM/ECF 48]**

**I.   INTRODUCTION**

Plaintiff respectfully requests this Court deny Defendant's Motion because joinder is proper. Plaintiff's Complaint adequately pled that this case involves 22 Doe Defendants whose actions all arise out of the same transaction or occurrence or series of transactions or occurrences under Rule 20 of the Federal Rules of Civil Procedure. Additionally, the claims against all Doe Defendants contain common questions of law or fact. Also, this Court has previously held that keeping the Doe Defendants joined, especially at this early stage of the litigation where the Doe Defendants have not yet been identified, best serves the goal of maintaining judicial economy and efficiency. Finally, Defendant's argument concerning filing fees has been specifically rejected by this Court since, in light of the pervasiveness of the infringement suffered by Plaintiff, requiring Plaintiff to pay a filing fee to proceed against each Doe Defendant individually would effectively bar Plaintiff from being able to enforce its copyrights.

"[T]his case involves a copyright owner's effort to protect a copyrighted work from

1

unknown individuals, who are allegedly illegally copying and distributing the work on the Internet." *AF Holdings LLC v. Does 1-1,058*, 2012 WL 3204917 (D.D.C. Aug. 6, 2012). Accordingly, Plaintiff's purpose for bringing this suit is to protect the product it has created using much time, effort, and financial resources. Plaintiff has suffered massive harm due to infringements committed by thousands of residents in this District and has no option but to file these suits to prevent the further widespread theft of its copyright. For the foregoing reasons, as explained more fully herein, this Court should deny Defendant's motion.

## II.     JOINDER IS PROPER

Fed. R. Civ. P. 20 permits joinder when plaintiffs "assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action." Rule 20(a) not only permits joinder when there is the same transaction or occurrence, it also permits joinder when a Plaintiff has pled (a) "series of transactions or occurrences" or (b) joint or several liability. Plaintiff has done both here.

"'With the advent of industrialization, high-speed transportation, and urbanization, more intricate disputes appeared with greater frequency,' requiring greater use of the more liberal joinder procedures." *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1094 (2d Cir. 1992) (*quoting* 6A Wright, Miller & Kane § 1581). "Here, <u>the nature of the technology compels the conclusion that defendants' alleged transactions were part of the same 'series of transactions or occurrences.'</u>  Accordingly, we find that the Rule 20(a)(2) criteria for joinder are satisfied." *Malibu Media, LLC v. John Does 1-5*, 2012

WL 3641291 (S.D.N.Y. 2012) (emphasis added). Plaintiff's Complaint alleges more than "merely committing the same type of violation in the same way" because the operation of the BitTorrent protocol necessitates a synergistic effort by all peers in a swarm.

### A. The Infringement Occurred Through a Series of Transactions

Under Fed. R. Civ. P. 20(a) "series" has been interpreted by Circuit Courts to mean a "logically related" fact pattern.

> [A]ll 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.

*Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974.

While the logical relationship test does not require it, should this matter go to trial, Plaintiff will prove that the Defendants' infringement was committed through the same transaction or through a series of transactions with mathematical certainty by demonstrating, *inter alia,* that the algorithm used by BitTorrent Trackers would have caused the entire series of transactions to be different <u>but</u> <u>for</u> each of the Defendants' infringements.

### i. Here, Plaintiff Properly Pled a Series of Transactions

Plaintiff alleges that its investigator, IPP Limited, was able to receive a piece of Plaintiff's copyrighted movie from each Defendant. In order for Plaintiff's investigator to have received this piece, each alleged infringer must have had part of Plaintiff's movie on his or her computer and allowed others to download it.

There are four possible ways that each Defendant may have received the piece

of the movie that was sent to IPP Limited.  First, the Defendant may have directly connected with the initial seeder and downloaded a piece of the file directly from the initial seeder's computer.  Second, the Defendant may have directly connected to and received a piece of the movie from a seeder who downloaded the movie from the initial seeder or other infringers.  Third, the Defendant may have connected to or received a piece of the movie from other Defendants that received the movie from the initial seeder or other infringers.  Fourth, the Defendant may have connected to or received a piece of the movie from other infringers who downloaded from other Defendants, other infringers, other seeders, or the initial seeder.

"In other words . . . at some point, each Defendant downloaded a piece of the Movie, which had been transferred through a series of uploads and downloads from the Initial Seeder, through other users or directly, to each Defendant, and finally to IPP." *Patrick Collins, Inc. v. John Does 1-21*, 2012 WL 1190840, at *5 (E.D. Mich. 2012).  See also *Raw Films v. John Does 1-15*, 2012 WL 1019067, at *4 (E.D. Pa. 2012) ("the claims against each Doe defendant appear to arise out of the same series of transactions or occurrences, namely, the transmission of pieces of the same copy of the Work to the same investigative server.")  Each defendant participated in the same series of transactions.  These transactions are all reasonably related, not just because Defendants used BitTorrent, but also because Defendants utilized the computers of others to download the same file, and allowed others to access their computer to receive it.

    **ii.**     **The Supreme Court Allows Joinder When the Defendants Do Not Directly Interact With Each Other**

In *United States v. Mississippi*, 380 U.S. 128 (1965) the Supreme Court found

that the joinder of six defendants, election registrars of six different counties, was proper because the allegations were all based on the same state-wide system designed to enforce the voter registration laws in a way that would deprive African Americans of the right to vote.  Although the complaint did not allege that the registrars directly interacted with each other, or even that they knew of each other's actions, or that each other's actions directly affected each other in any way, the Supreme Court interpreted Rule 20 to hold a right to relief severally because the series of transactions were related and contained a common law and fact.  *Id.* at 142-143.

> [T]he complaint charged that the registrars had acted and were continuing to act as part of a state-wide system designed to enforce the registration laws in a way that would inevitably deprive colored people of the right to vote solely because of their color.  On such an allegation the joinder of all the registrars as defendants in a single suit is authorized by Rule 20(a) of the Federal Rules of Civil Procedure.

*Id.* at 142.  Indeed, the Supreme Court held all of the defendants were joined properly because they were all acting on the basis of the same system which created a transactional relatedness.

Likewise, in the case at hand, it is not necessary for each of the Defendants to have directly interacted with each other Defendant, or have shared a piece of the file with each and every Defendant when downloading the movie.  Defendant's argument that joinder is improper because the infringement occurred from different locations using different IP addresses is therefore unavailing. The Defendants are properly joined because their actions directly relate back to the same initial seed of the swarm, and their alleged infringement further advances the series of infringements that began with that initial seed and continued through other infringers.  The Defendants all acted under the same exact system.  Just as it was not alleged in *United States v. Mississippi* that

5

the registrars shared with each other their efforts to prevent African Americans from voting, it is not necessary for the Defendants to have shared the pieces of the movie with each other. It is sufficient that the Defendants shared pieces that originated from the same exact file, and opened their computer to allow others to connect and receive these pieces.

### B. The Time Period For Infringement

The nature of the BitTorrent protocol provides for continuous seeding and distributing of the movie long after it has downloaded. Without stopping the program by physically un-checking the automatic seeding, an alleged infringer likely will seed and distribute a movie for an extended period of time. Even after an infringer has completed a download of the movie, he or she may distribute the movie for weeks after having received the download.

> [I]t is not that an infringer would wait six weeks to receive the Movie, it is that <u>the infringer receives the Movie in a few hours and then leaves his or her computer on with the Client Program uploading the Movie to other peers for six weeks</u>. Because the Client Program's default setting (unless disabled) is to begin uploading a piece as soon as it is received and verified against the expected Hash, it is not difficult to believe that <u>a Defendant who downloaded the Movie on day one, would have uploaded the Movie to another Defendant or peer six weeks later</u>. This consideration, however, is irrelevant since <u>concerted action is not required for joinder</u>.

*Patrick Collins, Inc. v. John Does 1-21*, 2012 WL 1190840 (E.D. Mich. 2012) (emphasis added). Here, Plaintiff's investigator received a piece of the movie from the defendants when they were allegedly distributing it to others.

"While the period at issue may . . . appear protracted by ordinary standards, the doctrine of joinder must be able to adapt to the technologies of our time." *Malibu Media, LLC v. John Does 1-5*, 2012 WL 3641291 (S.D.N.Y. 2012) (memorandum and order

denying motion to sever and dismiss).  "[T]he <u>law of joinder does not have as a precondition that there be temporal distance or temporal overlap</u>; it is enough that the alleged BitTorrent infringers participated in the same series of uploads and downloads in the same swarm."  *Patrick Collins, Inc. v. John Does 1-21*, 2012 WL 1190840 (E.D. Mich. 2012) (emphasis added).

### C. Joinder is Proper Because Plaintiff Properly Pled Defendants Were <u>Jointly and Severally Liable</u>

Requiring the Defendants to directly send each other a piece of the movie contradicts joinder principles because joinder is proper when a plaintiff pleads joint and several liability.  See e.g. *Genetic Technologies Ltd. v. Agilent Technologies, Inc.*, 2012 WL 1060040 (D. Colo. 2012) ("It is uncontested that Plaintiff does not assert joint or several liability here, which would be a separate basis for joinder.")  Rule 20(a) provides for "any right to relief jointly, severally, or in the alternative".  In this case Plaintiff pled both joint and several liability.

> Relief May be Sought "Jointly, Severally, or in the Alternative": It is *not* necessary that each plaintiff or defendant be involved in every claim set forth in the complaint. Thus, for example, if there are several plaintiffs (e.g., driver and passenger in auto accident), each may seek *separate* relief. Likewise, if there are several defendants, relief may be sought against each of them separately, or against all of them jointly. [FRCP 20(a); *Dougherty v. Mieczkowski* (D DE 1987) 661 F.Supp. 267, 278]

*Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 7-D*.  "[C]oncert of action, *i.e.,* a right to relief jointly, is <u>not</u> a precondition of joinder. Plaintiff asserts a right to relief jointly against Defendants *and* severally.  Therefore, the first clause of Rule 20(a)(2)(A) is satisfied by the assertion of a right severally." *Patrick Collins, Inc. v. John Does 1-21*, 2012 WL 1190840, at *8 (E.D. Mich. 2012).

By requiring Defendants to directly interact with each other, the Court would

require the Defendants to be jointly liable with each other. Because Rule 20 provides that a party may be joined if the claims against them are <u>either</u> jointly or severally liable, the requirement that defendants directly shared pieces of the movie with each other contradicts the language of Rule 20.

> A right to relief against defendants jointly requires concerted action by two or more parties. A right to relief severally against defendants means that each right to relief is separate and distinct from defendant to defendant and no interaction among the defendants is required. An 'alternative' right to relief may be asserted when plaintiff knows one of the defendants is liable, but does not know which one. *4 Moore's Federal Practice § 20.03*. <u>Plaintiff asserts a right to relief against Defendants jointly and a right to relief severally; however, a right to relief against the Defendants severally alone is sufficient to satisfy the first clause of Rule 20.</u>

*Id.* (Emphasis added).

### D. There Are Common Issues of Fact and Law

"The second requirement for permissive joinder under Rule 20(a)(2) is that Plaintiff's claims against the Doe Defendants involve a common question of law or fact. Plaintiff's claims satisfy this requirement as well." *Patrick Collins, Inc. v. John Does 1-33*, 2012 WL 415424 (D. Colo. 2012). In order to succeed against each Defendant, Plaintiff will have to establish the elements of a valid copyright infringement claim against each. Namely, Plaintiff will be required to prove ownership of a valid copyright, copying of constituent elements of the work that are original, and that entering the BitTorrent swarm was a volitional act of infringement by each Defendant. Further, Plaintiff will have to show factual issues related to the operation of the BitTorrent protocol itself.

> Plaintiff will need to establish that it is the <u>owner of the Work</u>, that <u>"copying" has occurred within the meaning of the Copyright Act</u>, and that <u>entering a swarm constitutes a willful act of infringement</u>. *See First Time Videos,* 276 F.R.D. at 257–58. Moreover, Plaintiff alleges that the Doe Defendants utilized the same BitTorrent protocol to download/distribute the Work; consequently, <u>there exist common factual issues regarding

> "how BitTorrent works and the methods used by Plaintiff to investigate, uncover, and collect evidence about the infringing activity." *Patrick Collins, Inc. v. Does 1–2,590,* 2011 WL 4407172, at *6. Although it is conceivable that individual Doe Defendants may assert different factual and legal defenses at a later point, "that does not defeat, at this stage of the proceeding, the commonality in facts and legal claims that support joinder under Rule 20(a)(2)(B)." *Call of the Wild Movie,* 770 F.Supp.2d at 343.

*Patrick Collins, Inc. v. John Does 1-33*, 2012 WL 415424 (D. Colo. Feb. 8, 2012) (emphasis added).

### E. Joinder Promotes Judicial Efficiency and is Beneficial to Putative Defendant and Doe Defendants Cannot Demonstrate Prejudice At This Stage

This Court has repeatedly found that joinder promotes judicial efficiency, is beneficial to Doe Defendants, and that Doe Defendants will not be prejudiced by joinder in identical copyright infringement BitTorrent cases. "The Court finds that joinder, at this stage of the litigation, will not prejudice any party and will promote judicial efficiency." *Id.* "Significantly, at this stage of the litigation, the Doe Defendants are also not prejudiced by joinder. Because Plaintiff has not yet completed service on any putative defendant, the Doe Defendants are identified only by their internet protocol addresses and are not required to respond to Plaintiff's allegations or assert any defenses." *Patrick Collins, Inc. v. John Does 1-15*, 2012 WL 415436 (D. Colo. 2012). "Although it is conceivable that individual Doe Defendants may assert different factual and legal defenses at a later point, 'that does not defeat, at this stage of the proceeding, the commonality in facts and legal claims that support joinder under Rule 20(a)(2)(B).'" *Id.* citing *Call of the Wild Movie,* 770 F.Supp.2d at 343. See also e.g. *K-Beech Inc., v. John Does 1-57*, Case 2:11-cv-00358-CEH-SPC, at *12 (M.D. Fla. 2011); *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239 at FN 6 (S.D.N.Y. 2012).

Notwithstanding that joinder of the Doe Defendants in this case is proper, this

Court has also previously held that "judicial efficiency is best promoted by declining to reach the question of joinder at this time." *Malibu Media, LLC v. John Does 1-21*, 2012 WL 3590902 (D. Colo. 2012). Thus, Defendant's request to sever the Doe Defendants may be premature where, as here, Plaintiff has not yet obtained the identities of putative Defendants.

### F. Courts Have Specifically Distinguished *Hard Drive Productions*, on Which Defendant Relies

Defendant relies on *Hard Drive Prods v. Does 1-188*, 2011 U.S. Dist. LEXIS 14123 (N.D. Cal. Feb 3, 2011). Courts have expressly distinguished *Hard Drive Prods*, holding joinder is proper in cases just like this one, where all of the Defendants participated in the same BitTorrent swarm and all of the IP addresses downloaded and shared the same file. See *Liberty Media Holdings, LLC v. Does 1-62*, 2012 WL 628309. *7 (S.D. Cal. 2012).

> Here, unlike *Hard Drive Prods.,* where it was unclear whether all one hundred and eighty eight doe defendants were part of the same "swarm," Plaintiff alleges all Defendants participated in the same "swarm" and all of the IP addresses identified downloaded and shared the same unique "hash" (a file identifier) [Compl, ¶ 3.] This allegation supports Plaintiff's claim that Doe Defendants "collectively" infringed on Plaintiff's copyright.

*Id.* (Emphasis added). Just like in *Liberty Media*, Plaintiff has alleged all Defendants participated in the same "swarm" and all of the IP addresses identified downloaded and shared the same unique "hash."

Additionally, in refraining to exercise discretionary severance, Courts have distinguished this case on the grounds that it involved almost 200 different defendants, noting that where the number of defendants is significantly less, discretionary severance is unwarranted.

10

> Doe/4 also asks the Court to exercise its discretion to sever the cases because joinder does not promote judicial economy. Doe/4 again cites a number of courts that have done so. *Hard Drive Productions, Inc.*, 809 F.Supp.2d at 1164. Most of those cases involved hundreds of defendant Does only known by IP addresses. E.g., Id. (188 defendants). <u>In those cases, joinder might have been too cumbersome. The Court sees no such problem in this case. Collins has named nine defendants, not hundreds.</u> The nine Alleged IP Addresses <u>all are located in this District. Joinder at the discovery phase would be more efficient than conducting the same discovery in nine separate cases.</u>

*Patrick Collins, Inc. v. John Does 1-9*, 2012 WL 4321718 (C.D. Ill. 2012) (emphasis added). Similarly, here there are only eighteen (22) defendants, not 188. The concerns about judicial efficiency and fundamental fairness are therefore exceedingly less pressing.

### G. <u>Discretionary Severance is Premature</u>

Defendant argues that even if joinder is technically proper under the Federal Rules, which it is, that this Court should exercise its discretion and sever the case because of concerns over the ability to effectively manage the case. Similar to *Patrick Collins, Inc. v. John Does 1-9* directly above, case management concerns are not as pressing where there is a more limited number of Defendants. Furthermore, this Court has previously found that joinder is proper when the Defendants have not yet been identified and served and that if severance ever becomes necessary, it would only be at a later stage of the proceedings.

> The Court reaches its conclusion fully aware of the numerous logistical and administrative challenges inherent in a case with this many putative defendants, many of whom may proceed *pro se.* Severing the putative defendants may, <u>at a later date</u>, become necessary <u>due to logistical concerns or upon a showing of prejudice by any of the putative defendants</u> . . . However, at this stage of the litigation, "severing the putative defendants ... is <u>no solution to ease the administrative burden of the cases</u>." *Patrick Collins, Inc. v. Does 1–2,590,* 2011 WL 4407172, at *7.

11

>Thus, the Court declines to sever any of the Doe Defendants from the action at this time.

*Patrick Collins, Inc. v. John Does 1-15*, 2012 WL 415436 (D. Colo. 2012).

### H. **Defendant's Argument Concerning Filing Fees Has Been Rejected**

Recently, the District Court for the District of Columbia examined the issue of filing fees in copyright infringement cases in an evidentiary hearing on the issue of joinder. "The Movant ISPs acknowledged that the plaintiff would not be able to protect its copyright if the Court were to sever the unknown defendants in this action due to the cost of filing an individual lawsuit for each of the thousands of IP addresses identified as being used for allegedly online infringing activity. Hearing Tr. at 127–28 (Apr. 27, 2012)." *AF Holdings LLC v. Does 1-1,058*, 2012 WL 3204917 (D.D.C. 2012). Judge Howell expressly found that individual filing fees would impossibly burden plaintiff's Petition Clause right.

>Severing the Doe defendants would essentially require the plaintiff to file 1,058 separate cases, pay separate filing fees, and obtain 1,058 separate subpoenas for each of the Listed IP Addresses. This burden for the plaintiff—not to mention the judicial system—would significantly frustrate the plaintiff's efforts to identify and seek a remedy from those engaging in the alleged infringing activity. Moreover, such an outcome would certainly not be in the "interest of convenience and judicial economy," or "secure the just, speedy, and inexpensive determination of th[e] action." *Lane,* 2007 WL 2007493, at *7 (declining to sever defendants where "parties joined for the time being promotes more efficient case management and discovery" and no party was prejudiced by joinder).

*Id.* at *13. (Emphasis added).

This Court also addressed the issue of filing fees in copyright infringement actions and noted that requiring a plaintiff to pay the filing fees for each defendant limited its ability to protect its rights, contrary to Fed. R. Civ. P. 1. The Court also held that such requirement would "substantially prejudice" plaintiffs. See *Patrick Collins, Inc.*

*v. John Does 1-15*, 2012 WL 415436 (D. Colo. 2012).

> If the Court were to sever the Doe Defendants at this juncture, <u>Plaintiff would face significant obstacles in its efforts to protect the Work from copyright infringement</u>, which would only needlessly delay the suit. Furthermore, <u>Plaintiff would need to file individual cases, which would require Plaintiff to pay the Court separate filing fees in each case, further limiting its ability to protect its legal rights</u>. *See* Fed.R.Civ.P. 1 (providing that the Federal Rules of Civil Procedure should be construed "to secure the just, speedy, and inexpensive determination of every action and proceeding."). Thus, <u>Plaintiff would be substantially prejudiced by severance</u>.

*Id.* at *3.

Requiring copyright holders to pay a filing fee for each individual infringement impermissibly burdens Plaintiff because it would be unable to bring the petitions that need to be brought. Here, Plaintiff would simply be unable to afford even 1% of the individual actions against infringers each month. Plaintiff would not be able to effectively deter infringement.

### III.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the subject motion.

Dated: December 24, 2012

                                                Respectfully submitted,

                                                By: <u>/s/*Jason Kotzker*</u>
                                                Jason Kotzker
                                                jason@klgip.com
                                                KOTZKER LAW GROUP
                                                9609 S. University Blvd. #632134
                                                Highlands Ranch, CO 80163
                                                Phone: 303-875-5386
                                                *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on December 24, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/*Jason Kotzker*